# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | 2:11-cr-048-JCM-LRL |
| JESUS BURGOS, et al., ) | |
| Defendant. ) | **ORDER** |

Presently before the court is defendant Ruben Aguilar's motion in limine to prohibit prejudicial reference to defendant's gang affiliation. (Doc. #42). The government failed to file a reply.

Defendant Aguilar was charged with conspiracy to distribute a controlled substance on February 8, 2011. (Docs. #1 and #2). Defendant asserts that at the detention hearing the "government argued vigorously...that the defendant was a self-admitted gang member," and that the next day government attorney Kathleen Bliss was interviewed by the Las Vegas Review-Journal for an article entitled "Gang Member Remains in Custody" (doc. #42-Exhibit B). The article refers to Aguilar as "one of 41 gang members charged," and reports that attorney Bliss described Aguilar as "a self-professed member of Sureno 13, a violent street gang that has ties to Mexico and participates in drug trafficking."

In the present motion in limine (doc. #42), the defendant asks this court to preclude further pretrial and trial references to the defendant's alleged gang affiliations or associations by the government. Specifically, defendant Aguilar asserts that "[i]t was an error for the prosecution to draw a connection to a group engaged in criminal activity, or a reputed gang, when it serves no purpose and is without foundation. *United States v. Dickins,* 775 U.S. 1056, 1058 (9th Cir. 1985)."

Further, defendant asserts that the government has not adhered to the rules regarding character evidence.

Federal Rule of Evidence 404(a) states that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," except for in certain circumstances. The Ninth Circuit has held that the admission of such evidence is proper only when it is relevant to some material issue in the case. *United States v. Easter,* 66 F.3d 1018, 1021 (9th Cir.) *cert denied.* 516 U.S. 1002 (1995) (The court held that gang affiliation was relevant to identify defendant Easter, but noted "valid[] concerns that simply referring to a defendant as a gang member can cause prejudice in some jurors.").

Defendant asserts that there is no issue with identity here, and that there is "no evidence that gang membership formed the motive for the alleged crime." However, as the court has not been provided with evidence of the possible relevant nature of the alleged gang affiliation, it cannot properly determine whether the preclusion of such affiliation is warranted. Further, as in *Easter,* the court is able to dismiss jurors who would be improperly influenced by a defendant being labeled a "gang member," and can dismiss those who have read articles referring to the defendant as a gang member or to the case as a whole. *Easter,* at 1021. (The court raised the issue of gang affiliation during voir dire and dismissed several who indicated they might be influenced by such an affiliation.)

If the irrelevancy of the alleged gang affiliation is apparent at the time of trial, the defendant may raise the issue at that time.

Accordingly,

IT IS HEREBY ORDER ADJUDGED AND DECREED that defendant Ruben Aguilar's motion in limine to prohibit prejudicial reference to defendant's gang affiliation (doc. #42) be, and the same hereby is, DENIED without prejudice.

DATED this 28th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE