**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:11-cr-00048-JCM-LRL |
| v. ) | |
| ) | MOTION FOR BILL OF |
| RUBEN AGUILAR, ) | PARTICULARS (#40) |
| ) | |
| ) | MOTION TO DISMISS (#45) |
| Defendant. ) | |
| ) | |

# ORDER and RECOMMENDATION

The defendant, Ruben Aguilar, is under indictment on one count of Conspiracy to Distribute More than 50 Grams of Methamphetamine, a violation of 21 U.S.C. § 846. Before the court is Aguilar's Motion for a Bill of Particulars (#40), in which he alleges that he is unable to ascertain from the face of the indictment the nature of the case against him. The government filed an Opposition (#49) to the motion. Also before the court is Aguilar's Motion to Dismiss (#45), to which the government filed an Opposition (#48). Aguilar contends that the Indictment violates his Fifth Amendment rights to due process and against double jeopardy because it is facially insufficient. No replies were filed.

**BACKGROUND**

On February 8, 2011, a Federal Grand Jury returned a seven-count indictment in this case. Aguilar is charged in Count One of the Indictment with conspiracy to distribute methamphetamine. Specifically Count One alleges:

> Conspiracy to Distribute More than 50 grams of Methamphetamine: From on or about a date unknown, but beginning no later than about July 2009, up through and including the date of this Indictment, in the State and Federal District of Nevada, [Ruben Aguilar

a/k/a "Payaso," and nine other named persons], defendants herein, did knowingly and intentionally conspire with each other and with persons known and unknown to the grand jury to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).  All in violation of Title 21, United States Code, Section 846.

On or about February 9, 2011, the government provided Aguilar with voluminous discovery materials and audio recordings from four different wiretap interceptions.  Opp'n (#49) at 1.

**A.** *Motion for a Bill of Particulars (#40)*

Aguilar seeks a bill of particulars on the ground that the Indictment is not specific enough to enable him to prepare his defense, insofar as it "merely restates the statute and alleges that the Defendant conspired with nine others between July 2009 and February 8, 2011, to violate the statute." Mot. (#40) at 1.  A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense. *See* Fed.R.Crim.P. 7(f).  The purpose of a bill of particulars is threefold: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.  *United States v. Ayers*, 324 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). Where an indictment, itself, provides the details of the alleged offense, a bill of particulars is unnecessary.  *Giese*, 597 F.2d at 1180 (citation omitted).  "An indictment under 21 U.S.C. § 846 is sufficient if it alleges: 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy.'" *United States v. McGown*, 711 F.2d 1441, 1450 (9th Cir. 1983); *see also United States v. Shabani*, 513 U.S. 10, 17 (1994) ("the plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846").

The indictment, charging a conspiracy to distribute 50 grams or more of methamphetamine

beginning no later than July 2009 and continuing through February 8, 2011, along with the voluminous pretrial discovery provided by the government obviates the need for a bill of particulars in this case. *United States v. Grace*, 401 F. Supp. 2d 1103 (D. Mont. 2005); *see DiCesare*, 765 F.2d at 897. To the extent the motion seeks particulars with respect to the time, date, places, and acts through which Aguilar allegedly joined and participated in the conspiracy, and the witnesses present, it improperly seeks evidentiary detail. *See Giese*, 597 F.2d at 1181 ("request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars"); *United States v. Jimenez*, 824 F.Supp. 351, 363 (S.D.N.Y.1993) (motions for "whens," "wheres," and "with whoms" regarding a conspiracy are routinely denied). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir.1981) (citing *United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir.1980)). Nor is Aguilar's request for a listing of unindicted co-conspirators warranted. *See DiCesare*, 765 F.2d at 897 (finding request for names of unindicted coconspirators did not warrant a bill of particulars). The information provided to the defendant apprises him of the charge with sufficient precision to enable him to prepare his defense and avoid unfair surprise at trial, *Giese*, 597 F.2d at 1180, particularly in light of the voluminous discovery already provided to him.

**B.** *Motion to Dismiss (#45)*

Aguilar argues that the charges against him should be dismissed because the Indictment fails to plead sufficient facts to allow him to plead double jeopardy at some later date. He states, "the conspiracy count provides no factual statement which would form the basis of any conspiratorial agreement; and it also provides no information regarding the facts which the government intends to prove as the overt acts committed by [Aguilar]." Mot. (#45) at 2. Pursuant to Rule 7(c), an "indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." "An indictment under 21 U.S.C. § 846 is sufficient if it alleges: 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated,

even if it fails to allege or prove any specific overt act in furtherance of the conspiracy.'" *United States v. McGown*, *supra*; *United States v. Shabani*, *supra* ("the plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846"); *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir.1981).

Aguilar's motion (#45) should be denied as a matter of law, because the indictment sufficiently informs him of the charges against him and allows him to prepare for trial. The indictment, using the language of § 846, clearly puts Aguilar on notice of the nature of the charge against him – that he is charged in a conspiracy with the alleged purpose to distribute more than 50 grams of methamphetamine – the time frame within which the conspiracy allegedly was operative, where the violation allegedly occurred, and the statute alleged to have been violated. It is settled law that nothing more is required. *See United States v. Forrester*, 616 F.3d 929, 941 (9th Cir. 2010) (upholding indictment that "tracks the language of the conspiracy statute, identifies a location and co-conspirators, and alleges the purpose of the conspiracy").

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion for a Bill of Particulars (#40) is DENIED.

IT IS ALSO RECOMMENDED that defendant's Motion to Dismiss (#45) be denied.

DATED this 15th day of April, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**