# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 2:11-cr-048-JCM-LRL |
| JESUS BURGOS, et al., | ) | |
| Defendant. | ) | **ORDER** |

Presently before the court is the order and recommendation of Magistrate Judge Lawrence R. Leavitt (doc. #78) regarding defendant Ruben Aguilar's motion to dismiss (doc. #45) and bill of particulars (doc. #40). No opposition to the recommendation was filed by defendant.

Upon review of the defendant's motion (doc. #45), the government's opposition (doc. #48), the defendant's bill of particulars (doc. #40), and the government's opposition to it (doc. #49), Judge Leavitt denied the bill of particulars (doc. #40) and recommended that the motion to dismiss (doc. #45) be denied.

On February 8, 2011, defendant Aguilar was indicted and charged with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). Defendant Aguilar asserts in his motion to dismiss (doc. #45), that the indictment should be dismissed against him because it fails to plead sufficient facts to allow him to plead double jeopardy at some later date. Specifically, he contends that "the conspiracy count provides no factual statement which would form the basis of any conspiratorial agreement; and it also provides no information regarding the facts which the government intends to prove as the overt acts committed by [Aguilar]."

Judge Leavitt properly recommended that the motion should be denied because the indictment "sufficiently informs him of the charge against him and allows him to prepare for trial," as required

by Federal Rule of Criminal Procedure 7(c). Since the indictment puts him on notice that he is charged in Nevada with conspiracy to distribute drugs, "the time during which the conspiracy was operative[,] and the statute allegedly violated," nothing more is needed. *United States v. McGowan,* 711 F.2d 1441, 1450 (9th Cir. 1983) ("An indictment under 21 U.S.C. § 846 is sufficient if it alleges: 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt acts in furtherance of the conspiracy."); *United States v. Forrester,* 616 F.3d 929, 941 (9th Cir. 2010) (upholding indictment that "tracks the language of the conspiracy statute, identifies a location and co-conspirators, and alleges the purpose of the conspiracy.").

Pursuant to Local Rule IB 3-2, the parties may file specific written objections to the recommendation within fourteen days of receipt. To date, no objections have been filed.

Upon review of the magistrate judge's recommendation (doc. #78) and there not being any objections,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that United States Magistrate Judge Lawrence R. Leavitt's recommendation (Doc. #45) is AFFIRMED in its entirety.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (#45) be, and the same hereby is, DENIED.

DATED this 16th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE